1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7
8
9
10
11
12

| | |
|---|---|
| DEBRA LEE HILL, | CASE NO. 2:25-cv-01247-JNW |
| Plaintiff, | ORDER |
| v. | |
| TODD HILL, | |
| Defendant. | |

13

## 1. INTRODUCTION

14
15

This matter comes before the Court on pro se Plaintiff Debra Lee Hill's

16

Motion for Emergency Stay. Dkt. No. 2. Having reviewed the motion, the proposed

17

notice of removal, and the law, the Court, for the reasons explained below, DENIES

18

the motion. The Court also FINDS that it likely lacks subject-matter jurisdiction

19

over this case and therefore ORDERS Hill to show cause, within FOURTEEN (14)

20

days, why this case should not be dismissed, or remanded to state court, for lack of

21

jurisdiction. Finally, the Court FINDS that because Hill is not a licensed attorney,

22

she cannot represent her minor child. As such, her minor child is not a party to this

23

litigation.

## 2. BACKGROUND

Pro se Plaintiff Debra Lee Hill initiated this action on July 3, 2025, by filing an application for leave to proceed in forma pauperis (IFP), along with a proposed notice of removal and filings from her state family-court proceedings. Dkt. No. 1. Through her proposed removal notice, she attempts to remove her ongoing state family-court proceedings—including divorce and child-custody proceedings—to this Court. *See* Dkt. No. 1-1. She claims to be litigating on her own behalf and on behalf of her minor child, E.G.M.H. *See id.*

Concurrent with her application for IFP status, Hill also moved "for an emergency stay of all state-court proceedings in Snohomish County Superior Court Case Nos. 22-3-00773-31 and 25-2-04524-31." Dkt. No. 2 at 1. She explains that her "state-court matters have been consolidated for trial on July 7, 2025, despite [her] serious medical incapacity," and she alleges that "the Washington proceedings have been weaponized to silence and discredit serious criminal allegations, including by forcing the merger of a Domestic Violence Protective Order proceeding with the family law trial, while simultaneously ordering legal representation through an organization where opposing counsel serves as President of the Board." *Id.* at 2. She asserts that "irreparable harm will befall the minor child and [Hill] if the state court allows trial to proceed without proper safeguards in place." *Id.* at 3. As relief, she asks the Court to: (1) "issue an emergency stay of all proceedings in Snohomish County Superior Court Case Nos. 22-3-00773 and 25-2-04524-31, including any trial or hearings scheduled for July 7, 2025 or later"; (2) "maintain all current protective

orders in place for [minor child] E.G.M.H"; and (3) "prohibit any reunification or custody transfers pending this Court's oversight." *Id.* at 4.

Hill's motion for emergency relief contains no indication of notice or service upon Defendant Todd Hill. *See generally id.*

## 3.    DISCUSSION

### 3.1    Legal standards.

The issuance of injunctive relief before final adjudication is governed by Rule 65, which authorizes preliminary injunctions and temporary restraining orders (TROs) when certain substantive and procedural requirements have been met. *See* Fed. R. Civ. P. 65. Because preliminary injunctions can only be issued upon notice to the adverse party—which has not been indicated here—the Court construes Hill's emergency motion at Dkt. No. 2 as a request for a TRO.

To obtain a TRO, the moving party must serve all motion papers on the nonmoving party unless the requirements of Rule 65(b)(1)—issuance of a TRO without notice—are met. LCR 65(b)(1); Fed. R. Civ. P. 65(b)(1). The Court may issue an ex parte TRO—meaning a TRO without notice to the adverse party—only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" *and* the movant certifies in writing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)*; see also* LCR 65(b)(1) ("Unless the requirements of Fed. R. Civ. P. 65(b) for issuance without notice are satisfied, the moving party must serve all motion

ORDER - 3

1
2
3
4
5

papers on the opposing party, by electronic means if available, before or contemporaneously with the filing of the motion and include a certificate of service with the motion."). "Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." LCR 65(b)(1).

6
7
8
9
10
11
12
13
14
15
16
17
18

Even where these procedural requirements have been satisfied, a TRO remains an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "[A] plaintiff seeking a [TRO] must make a clear showing that '[they are] likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest.'" *Starbucks Corp. v. McKinney*, 144 S. Ct. 1570, 1576 (2024) (quoting *Winter*, 555 U.S. at 20). These four elements—the *Winter* factors—apply whenever a preliminary injunction is sought. *Winter*, 555 U.S. at 20. To obtain relief, a plaintiff must "make a showing on all four prongs." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135. (9th Cir. 2011). The first *Winter* factor, "[l]ikelihood of success on the merits[,] is the most important[.]" *Edge v. City of Everett*, 929 F.3d 657, 663 (9th Cir. 2019).

19
20
21
22

Where, as here, a party proceeds pro se, district courts must construe their filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But even so, pro se litigants remain subject to the stringent procedural and substantive rules that govern TROs. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

23

1

2

**3.2    Hill fails to satisfy the procedural requirements for an ex parte TRO.**

Hill's motion fails to satisfy the procedural requirements of Rule 65(b) and Local Civil Rule 65(b)(1). It includes no certification indicating notice given to Defendant Todd Hill. Nor does it address the standard for issuance of an ex parte TRO. It neither certifies "efforts made to give notice," nor provides "reasons why it should not be required." *See* Fed. R. Civ. P. 65(b)(1). And while it alleges imminent irreparable injury, it includes no indication that irreparable injury is likely to occur *before notice can be given*. And for reasons explained further below (*see infra* § 3.3), the Court does not find that Hill's case falls within those "very few circumstances justifying the issuance of an ex parte TRO." *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

On this procedural basis alone, the motion must be denied.

**3.3    Even if Hill satisfied the procedural requirements for an ex parte TRO, injunctive relief would be unwarranted because she fails to demonstrate a likelihood of success on the merits.**

As discussed above, the most important *Winter* factor is likelihood of success on the merits. Here, the Court FINDS That Hill is unlikely to succeed on the merits for several reasons, including (1) *Younger* abstention precludes the relief requested, and (2) Hill fails to establish the Court's subject-matter jurisdiction.

**3.3.1    *Younger* abstention precludes the relief requested.**

Under the *Younger* abstention doctrine, federal district courts must abstain from exercising jurisdiction over claims for equitable relief where: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state

interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)); *see generally Younger v. Harris*, 401 U.S. 37 (1971). Where these four factors are met, federal courts must abstain from jurisdiction unless there is "a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Arevalo*, 882 F.3d at 766.

Here, all four factors are met. The relief that Hill seeks is for this Court to stay—that is, functionally enjoin—her ongoing state family-court proceeding. Those proceedings indisputably implicate important state interests in matters of family law and policy. And Hill provides no indication of procedural irregularities in the state court to suggest that it is unable to apply the law and safeguard the parties' rights. Nor does she provide any evidence that an exception to *Younger* applies. On this basis alone, injunctive relief intervening in an ongoing state proceeding is not warranted.

### 3.3.2    The Court likely lacks subject-matter jurisdiction.

A party may remove a civil action from state court to federal court only if the action could have originally been filed in federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). The removing party bears the burden of establishing federal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566

(9th Cir. 1992). Courts apply a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* If the district court lacks subject-matter jurisdiction, the case must be remanded to state court. 28 U.S.C. § 1447(c).

Here, removal appears improper for at least two reasons. First, under the well-settled "domestic relations exception" to federal jurisdiction, federal courts cannot generally hear divorce and child-custody cases. *See Ankenbrandt v. Richards*, 504 U.S. 689, 112 (1992); *Buechold v. Ortiz*, 401 F.2d 371, 372 (9th Cir. 1968). This is because "family law matters are within the exclusive jurisdiction of the state courts." *Selig-Paed v. Thomson*, No. 10-CV-398-BLW, 2010 WL 4678703, at *1 (D. Idaho Nov. 8, 2010) (dismissing case for lack of jurisdiction where party tried to remove divorce and child-custody proceeding to federal court). Thus, Hill cannot likely remove her child-custody and divorce proceedings to this Court. *See also Hisquierdo v. Hisquierdo*, 439 U.S. 572, 581 (1979) ("Federal courts repeatedly have declined to assert jurisdiction over divorces that presented no federal question.").

Second, only the defendant in a state case can generally remove to federal court. *See* 28 U.S.C. §§ 1441, 1443; *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104–05 (1941); *see also ASAP Copy & Print v. Canon Bus. Sols., Inc.*, 643 F. App'x 650, 652 (9th Cir. 2016) ("No authority… supports the proposition that a plaintiff or non-party in a state action may be transformed into a defendant for purposes of removal simply because an adverse ruling is issued against him or her."). Hill is the Petitioner, not the Respondent, in her state-court divorce

1    proceeding. *See* Dkt. No. 1-3. On this basis, she cannot remove the proceeding to

2    federal court.

3         Finally, the Court notes that Hill's invocation of 28 U.S.C. § 1443 does not

4    alter the conclusion that federal jurisdiction is lacking. Hill asserts that removal

5    jurisdiction exists because "removal is brought under 28 U.S.C. § 1443(1),

6    authorizing removal where a petitioner is denied or cannot enforce rights secured by

7    laws providing for equal civil rights." Dkt. No. 1-1 at 2. Even if Hill were a

8    defendant empowered to remove her state cases to federal court, "[u]nder § 1443(1),

9    a defendant must show that she 'is denied or cannot enforce' certain federal civil

10   rights in state courts." *ASAP Copy*, 643 F. App'x at 652 (citing *Johnson v.*

11   *Mississippi*, 421 U.S. 213, 219 (1975)). While Hill takes issue with the "state court's

12   forced merger of the Domestic Violence Protection Order proceeding with the

13   parenting trial," she does not make any showing that the state court is unable or

14   unwilling to recognize and protect her federal civil rights. *See* Dkt. No. 1-1 at 2.

15   Thus, Hill's invocation of 28 U.S.C. § 1443 does not overcome the presumption

16   against removal jurisdiction.

17   **3.4   Hill may not represent her minor child, who is not a party to this**
18        **case.**

19        Hill tries to represent her minor child in this litigation. *See* Dkt. No. 1. Yet,

20   Hill does not claim to be an attorney, and the Washington State Bar Association's

21   online lawyer directory does not list her as a legal professional. As a non-attorney,

22   she cannot represent other people, including her children. *Johns v. Cnty. of San*

23   *Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("A non-attorney parent must be

represented by counsel in bringing an action on behalf of his or her child" because "it is not in the interest of minors . . . that they be represented by non-attorneys" (cleaned up)). While there are rare exceptions to this rule, none apply here. Thus, the Court FINDS that Hill's minor child—E.G.M.H—is not a party to this case. *See Johns*, 114 F.3d at 877.

### 3.5    Section 1915 Review.

When, as here, a party proceeds IFP, Section 1915 requires the Court to dismiss the action if the Court determines it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To survive Section 1915 review, a complaint must meet the requirements set forth in Rule 8 of the Federal Rules of Civil Procedure, including "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8. While Rule 8 does not demand detailed allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

And yet, as discussed above (*see supra* § 3.1), because "[p]leadings must be construed so as to do justice," Fed. R. Civ. P. 8(e), pro se filings are entitled to

liberal construction. As such, courts are not to "dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citing *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)). But even so, the duties imposed on the Court by Section 1915 are unwavering—and when an IFP plaintiff fails to state a claim, the action must be dismissed.

Here, for the reasons explained above (*supra* § 3.3), the Court concludes that it likely lacks jurisdiction over this case and lacks authority to grant the injunctive relief sought. On this basis, the Court finds that Hill fails to state a claim on which relief may be granted. But given Hill's status as a pro se litigant, rather than dismiss this case outright, the Court instead ORDERS Hill to show cause, within TWENTY-ONE (21) days of this Order, why this case should not be dismissed—or remanded back to state court—for lack of removal jurisdiction.

## 4.  CONCLUSION

The Court FINDS that Hill's request for emergency relief does not satisfy the procedural requirements for ex parte relief under the local and federal rules, nor does it satisfy the substantive requirements of the *Winter* factors. As such, the motion is DENIED. Dkt. No. 2.

Additionally, the Court FINDS that it likely lacks subject-matter jurisdiction over this case. Therefore, the Court ORDERS Hill to show cause, within TWENTY-ONE (21) days of this Order, why this case should not be dismissed, or remanded to state court, for lack of subject-matter jurisdiction.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

Finally, the Court notes that because Hill is not an attorney, she cannot represent her minor child. As such, Hill's minor child is not a party to this case.

It is so ORDERED.

Dated this 3rd day of July, 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 11